# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOI D. HYATTE,

                Plaintiff,

                v.

MICHAEL B. MUKASEY, IN HIS OFFICIAL
CAPACITY AS ATTORNEY GENERAL OF THE
UNITED STATES,

                Defendant.

Civil Action No: 08-00908 (HHK)

## ANSWER

Defendant Michael B. Mukasey, Attorney General of the United States, through undersigned counsel, hereby responds to the Complaint filed by Plaintiff Joi D. Hyatte ("Hyatte") on or about May 29, 2008:

1.      As to the first sentence of this paragraph, Defendant admits that Hyatte is an African-American woman employed in the Voting Section of the Civil Rights Division of the Department of Justice ("DOJ"). The first sentence also contains Hyatte's characterization of her Complaint to which no answer is required. To the extent an answer is deemed required, Defendant denies that Plaintiff was subjected to racial discrimination or actions otherwise in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. The remainder of this paragraph is denied.

2.      This paragraph contains Plaintiff's request for relief and not allegations of fact to which an answer is required. To the extent it contains factual allegations, Defendant denies that Plaintiff is entitled to the relief sought.

## JURISDICTION

3.      This paragraph contains allegations of jurisdiction and not allegations of fact to which an answer is required.  To the extent it contains factual allegations, Defendant denies those allegations.

## PARTIES

4.      Defendant admits that Hyatte is an African-American woman employed in the Voting Section of the Civil Rights Division and that she is a United States citizen.  The allegations regarding Hyatte's work history and GS level with DOJ appear to be correct, except that she has received promotions since 1999, including promotions in 2000 and 2001, and four within-grade step increases (2001, 2002, 2004 and 2006).  Hyatte currently works as a career GS-9/6 Equal Opportunity Assistant.  Defendant lacks sufficient information and belief to admit or deny the allegations regarding Hyatte's education.

5.      Defendant admits that Michael B. Mukasey is the Attorney General of the United States.

## FACTS

6.      The Civil Rights Division of the Department of Justice is responsible for enforcing some federal statutes prohibiting discrimination on the basis of race, color, sex, disability, religion and national origin.  The remainder of this paragraph contains a summary of a portion of the Voting Rights Act and not allegations of fact to which an answer is required.  The text of the Voting Rights Act speaks for itself.

7.      This paragraph contains a summary of a portion of the Voting Rights Act and not allegations of fact to which an answer is required.  The text of the Voting Rights Act speaks for itself.

8.    Defendant admits that, within the Voting Section, proposed changes under Section 5 of the Voting Rights Act are referred to as "Section 5 submissions."

9.    Defendant admits the allegations contained in this paragraph.

10.    Defendant admits the allegations contained in this paragraph.

11.    Yvette Rivera ("Rivera") began working as Special Litigation Counsel in the Voting Section on October 30, 2005, and was detailed by the Civil Rights Division as Acting Deputy Chief in charge of the Section 5 staff in February 2006. Rivera was Hyatte's immediate supervisor from July 3, 2006 until January 14, 2008. The remainder of this paragraph is denied.

12.    Defendant admits that John Tanner ("Tanner") voluntarily stepped down from his position as the Chief of the Voting Section in December 2007.

13.    Rivera was re-assigned at her request from the Section 5 staff effective January 14, 2008. The remainder of this paragraph is denied.

Failure to Promote

14.    Civil Rights Analysts ("CRT Analysts") and Paralegal Specialists assist attorneys in the Voting Section in analyzing and/or responding to Section 5 submissions. The remainder of this paragraph is denied.

15.    Defendant denies the allegations contained in this paragraph.

16.    The minimum qualifications for CRT Analyst and Paralegal Specialist positions vary depending on the grade level of the position. For example, a recent vacancy announcement for a GS-9 Paralegal Specialist position identified the minimum qualifications as one year of specialized experience, a graduate degree, or a combination

of graduate level education and work experience. The remainder of this paragraph is denied.

17.   At some point, Hyatte may have mentioned to Rivera that she was interested in an "analyst position." As set forth below, however, Hyatte did not actually apply for most of the Civil Rights Analyst and Paralegal Specialist positions filled in the Voting Section in the three years preceding her EEO complaint. The remainder of this paragraph is denied.

18.   Defendant denies the allegations contained in this paragraph.

19.   Defendant denies the allegations contained in this paragraph.

20.   Defendant denies the allegations contained in this paragraph. The substance of the electronic mail message, a portion of which is referenced in this paragraph, speaks for itself.

21.   Defendant denies the allegations contained in this paragraph.

22.   Defendant lacks sufficient information and belief at this time to admit or deny the allegations contained in this paragraph.

23.   Defendant admits that in or about 2003, Hyatte was asked to assist in preparing responses to routine Section 5 submissions, most of which consisted of preparing form letter responses. Hyatte's primary duties are administrative in nature, including managing the flow of Section 5 responses, typing Section 5 responses, and supervising the work of other secretaries. The remainder of this paragraph is denied.

24.   Defendant admits that Hyatte has assisted in preparing responses to approximately 250 routine Section 5 submissions between 2003 and 2006, the four years preceding her discrimination complaint. During that time frame, the Voting Section responded to more than 21,000 Section 5 submissions. The remainder of this paragraph is denied.

25.    Defendant admits that Hyatte has assisted in preparing responses to approximately 250 routine Section 5 submissions between 2003 and 2006. The remainder of this paragraph is denied.

26.    Defendant admits that Hyatte received positive feedback for her assistance in preparing responses to routine Section 5 submissions. Her performance evaluations speak for themselves.    The remainder of this paragraph is denied.

27.    Defendant admits that Natalie Govan ("Govan") was Hyatte's immediate supervisor until Govan's retirement on July 3, 2006. Hyatte's performance evaluations speak for themselves. The remainder of this paragraph is denied.

28.    Defendant admits that Rivera provided Hyatte with positive feedback in her 2006-2007 performance evaluation. Hyatte's performance evaluations speak for themselves.

29.    Defendant admits that Rivera asked Hyatte during her February 26, 2007 mid-year evaluation to continue to assist in preparing responses to routine Section 5 submissions. The remainder of this paragraph is denied.

30.    Defendant denies the allegations contained in this paragraph.

31.    Hyatte's performance evaluations speak for themselves. The remainder of this paragraph is denied.

32.    Hyatte's performance evaluations speak for themselves. The remainder of this paragraph is denied.

33.    Defendant admits that CRT Analyst and Paralegal Specialist positions may be filled through the civil service hiring process, and that the civil service hiring process includes posting notice of vacancies for applicants, including but not limited to current federal employees. The remainder of this paragraph is denied.

34. Most of the allegations contained in this paragraph are the subject of a motion to dismiss and, as such, no answer is required; Hyatte failed to exhaust the administrative remedies and process available to her regarding these allegations.[1] To the extent an answer is required and/or with respect to the allegations that are not the subject of that motion, Defendant denies the allegations contained in this paragraph. Some entry-level Paralegal Specialist positions are filled through the Federal Career Intern Program (FCIP), created pursuant to Executive Order No. 13162, which authorized federal agencies to supplement their hiring through the competitive service by filling some entry-level positions through two-year excepted service appointments. Positions through the FCIP are open to all individuals, including current federal employees, and are typically filled at the GS-5, 7 or 9 level. Information about the program is available on the Office of Personnel Management (OPM) and DOJ internet sites, but agencies are not required to publicly post FCIP vacancies through the regular competitive service process. Civil Rights Analyst positions are not filled through the FCIP. Tanner and Rivera filled some entry-level Paralegal Specialist positions through the FCIP. Hyatte did not apply for the entry-level Paralegal Specialist positions through the FCIP. In addition to filling some positions through the FCIP, several Paralegal Specialist and Civil Rights Analyst positions were

---

[1] Hyatte's complaint includes vague allegations about her non-selection for several "analyst" positions beginning July 24, 2006 and "continu[ing] thereafter." *See* Complaint at ¶¶ 34-38, 138-139. The allegations regarding selections made prior to December 30, 2006 – the start of the 45 day period prior to Hyatte's February 12, 2007 initiation of the internal complaint process – are the subject of a motion to dismiss and, as such, no answer is required; Hyatte failed to exhaust the administrative remedies and process available to her regarding these allegations. Nevertheless, Defendant has provided some information in response to those allegations to provide background and context.

posted and filled through the regular competitive service hiring process. For instance, between January 2004 and February 2007 (the three-year period preceding Hyatte's initiation of the EEO complaint process), there were seven (7) vacancy announcements for Civil Rights Analyst positions in the Voting Section. Hyatte did not apply for any of those positions. Similarly, during that same time frame, there were four (4) vacancy announcements through the regular competitive process for Paralegal Specialist positions in the Voting Section. Hyatte did not apply in response to three (3) of those announcements. Hyatte did apply in response to one (1) of those announcements, but the Civil Rights Division's human resources staff ("human resources") did not include her name on the list of qualified applicants forwarded to the section for review because she did not meet the minimum qualifications. Neither Tanner nor Rivera had any knowledge of or involvement in that determination.

35.    Defendant denies the allegations contained in this paragraph, and further avers that Hyatte did not apply for the entry-level Paralegal Specialist positions available through the FCIP.

36.    Defendant denies the allegations contained in this paragraph. Seven GS-7 entry-level Paralegal Specialists positions were filled through the FCIP between June 2006 and March 2007, and the employees hired included four Caucasians, two Hispanics and one Asian. Prior federal employment is not a requirement for Paralegal Specialist positions, including the entry-level positions filled through the FCIP. Nevertheless, some of the Paralegal Specialists hired through the FCIP during that time period had worked in the Voting Section as college and/or law school interns prior to applying for employment through the FCIP.

37.    Defendant denies the allegations contained in this paragraph.

38.    Defendant lacks sufficient information and belief to admit or deny the allegations contained in this paragraph.

39.    Defendant admits that a Caucasian female applied through the FCIP and was hired as an entry-level GS-7 Paralegal Specialist in the Voting Section in or about February 2007. The remainder of this paragraph is denied.

40.    Defendant admits the allegations contained in this paragraph.  Prior federal employment or experience analyzing "Section 5 submissions" was not required for this entry-level position.

41.    Defendant denies the allegations contained in this paragraph.

42.    Defendant denies the allegations contained in this paragraph.

43.    Defendant denies the allegations contained in this paragraph.  Hyatte did not apply for the entry-level GS-7 Paralegal Specialist position filled by the Caucasian female.

44.    Defendant denies the allegations contained in this paragraph.

45.    Defendant lacks sufficient information and belief to admit or deny the allegations contained in this paragraph.

Hostile Work Environment

46.    Defendant denies the allegations contained in this paragraph.

47.    Defendant denies the allegations contained in this paragraph.

48.    Defendant denies the allegations contained in this paragraph.

49.    Defendant denies the allegations contained in this paragraph.

50.    Defendant denies the allegations contained in this paragraph.

51.    Defendant denies the allegations contained in this paragraph.

52.    Defendant denies the allegations contained in this paragraph.

53.    Defendant lacks sufficient information and belief to admit or deny the allegations contained in this paragraph.

54.    Defendant denies the allegations contained in this paragraph.

55.    This paragraph contains Hyatte's characterization or opinion as to remarks attributed to Tanner which requires no answer; to the extent that an answer is deemed required, Defendant admits only that Tanner spoke to the Georgia State Conference of the National Association for the Advancement of Colored People ("NAACP") in or about October 2007; the remarks during that event speak for themselves, and are mischaracterized and taken out of context in this paragraph.

56.    This paragraph contains Hyatte's characterization or opinion as to remarks attributed to Tanner which requires no answer; to the extent an answer is deemed required, Defendant admits only that Tanner spoke to the National Latino Congreso in or about October 2007 and that the  remarks speak for themselves, and are mischaracterized and taken out of context in this paragraph.

57.    This paragraph contains Hyatte's characterization or opinion related to the public response to certain comments attributed to Tanner to which no answer is required; to the extent an answer is deemed required, any public statements regarding Tanner's comments by unnamed groups or members of Congress speak for themselves.

58.    This paragraph contains Hyatte's characterization or opinion of certain comments attributed to Tanner to which an answer is not required; to the extent an answer is deemed

required Defendant only admits that Tanner's comments were public and that some employees in the Voting Section were aware of them.

59.     Defendant denies the allegations contained in this paragraph.

60.     Defendant denies the allegations contained in this paragraph.

61.     Defendant denies the allegations contained in this paragraph.

62.     Defendant denies the allegations contained in this paragraph.

63.     Defendant denies the allegations contained in this paragraph.

64.     This paragraph contains Hyatte's opinion as to experience required for promotions and performance awards to which no answer is required; to the extent an answer is deemed required Defendant avers that promotions and performance awards are based on an employee's work performance.

65.     Defendant admits that performance awards may include cash bonuses and that, under certain circumstances not applicable to any of the selections at issue in this Complaint, the receipt of such awards may entitle an applicant to additional points in the competitive selection process.  The remainder of this paragraph is denied.

66.     Defendant denies the allegations contained in this paragraph.

67.     Defendant denies the allegations contained in this paragraph.  Rivera recommended performance awards for several African-American employees, including Hyatte, in 2006 and 2007.

68.     Defendant denies the allegations contained in this paragraph.

69.     Defendant denies the allegations contained in this paragraph.

70.     Defendant denies the allegations contained in this paragraph.

71.  Defendant admits that Natalie Govan was Hyatte's immediate supervisor for the 2005-2006 rating period.  Rivera became the reviewing official for Hyatte during that rating period.

72.  Defendant denies the allegations contained in this paragraph.

73.  Defendant denies the allegations contained in this paragraph.

74.  Defendant denies the allegations contained in this paragraph.

75.  Defendant admits the allegations contained in this paragraph.

76.  Defendant admits the allegations contained in this paragraph.

77.  Defendant admits that a vacancy announcement for a GS-13/14 Civil Rights Analyst position in the Voting Section was posted in July 2006.  The qualifications are set forth in that announcement, which speaks for itself.  The remainder of the paragraph is denied.

78.  Defendant denies the allegations contained in this paragraph.

79.  Defendant denies the allegations contained in this paragraph.

80.  Defendant lacks sufficient information to admit or deny the motivations of the unnamed employee referenced in this paragraph.  The remainder of this paragraph is denied.

81.  Defendant denies the allegations contained in this paragraph.

82.  Defendant admits that paid compensatory time may be granted for overtime work.  The remainder of this paragraph is denied.

83.  The electronic mail message, a portion of which is quoted in this paragraph, speaks for itself.

84.  Defendant denies the allegations contained in this paragraph.

85.  Defendant denies the allegations contained in this paragraph.

86. Defendant denies the allegations contained in this paragraph.

87. Defendant denies the allegations contained in this paragraph.

88. Defendant denies the allegations contained in this paragraph.

89. Defendant denies the allegations contained in this paragraph.

90. Defendant denies the allegations contained in this paragraph.

91. Defendant lacks sufficient information to admit or deny Hyatte's understanding, and denies the allegations contained in this paragraph.

92. Defendant denies the allegations contained in this paragraph. Hyatte received performance awards in 2006 and 2007 – on the recommendation of Rivera – both before and after she filed her discrimination complaint, including on-the-spot cash awards in August 2006 and May 2007, and a performance award in September 2007.

93. Defendant denies the allegations contained in this paragraph.

94. Defendant denies the allegations contained in this paragraph.

95. Defendant denies the allegations contained in this paragraph.

96. Defendant denies the allegations contained in this paragraph.

97. Defendant denies the allegations contained in this paragraph.

98. Defendant denies the allegations contained in this paragraph.

99. Defendant denies the allegations contained in this paragraph.

100. Defendant denies the allegations contained in this paragraph.

101. Defendant admits that Tenika Fontanelle ("Fontanelle") worked part-time as a stay-in-school student in the Voting Section from February 2006 to April 2007, and that Hyatte was her immediate supervisor.

102.   Defendant lacks sufficient information and belief to admit or deny the allegations regarding what Fontanelle told Hyatte.  The remainder of this paragraph is denied.

103.   Defendant lacks sufficient information and belief to admit or deny the allegations regarding what Fontanelle told Hyatte.  The remainder of this paragraph is denied.

104.   Defendant denies the allegations contained in this paragraph.

105.   Defendant lacks sufficient information to admit or deny Fontanelle's understanding, but denies the allegations contained in this paragraph.

106.   Defendant denies the allegations contained in this paragraph.

107.   Defendant admits that Tanner, Rivera and a representative from the Civil Rights Division's human resources staff met with union representatives Wonder Moore-Davis ("Moore-Davis") and Barbara Lott ("Lott") in or about July 2006 to discuss general complaints about Rivera's management changes in the Section 5 unit.  Hyatte is not a bargaining unit employee; she was not present at this meeting and the discussion focused on issues affecting bargaining unit employees.  The remainder of this paragraph is denied.

108.   Defendant lacks sufficient information and belief to admit or deny the allegations regarding complaints to unidentified union representatives by unidentified employees.

109.   Defendant admits that Camelia Herring from the Civil Rights Division's human resources staff and Diana Embrey, an attorney with the Employment Litigation Section, met with Moore-Davis and Lott and several employees from the Voting Section in April 2007 to discuss general complaints about Rivera.  The remainder of this paragraph is denied.

110.   Defendant admits that employees, including Hyatte, attended and raised general complaints about Rivera.  The remainder of this paragraph is denied.

111.    Defendant denies the allegations contained in this paragraph.

112.    Defendant denies the allegations contained in this paragraph.

113.    Defendant lacks sufficient information and belief to admit or deny the allegations

regarding complaints to unidentified union representatives by unidentified employees.

The remainder of this paragraph is denied.

### Ms. Hyatte's EEO Complaint and DOJ's Response

114.    Defendant admits that Hyatte initiated the informal counseling process on or about

February 12, 2007.  The nature of her complaint is set forth in her Complaint of

Discrimination, dated April 30, 2007; that document speaks for itself.

115.    Defendant admits that Hyatte's concerns were not resolved during the informal EEO

process and that she filed a Complaint of Discrimination on or about April 30, 2007.  The

nature of her allegations are set forth in her April 30, 2007 Complaint of Discrimination;

that document speaks for itself.

116.    Defendant denies the allegations contained in this paragraph.  During the period

referenced in this paragraph (June 2005 through April 2007), two (2) CRT Analyst

positions were filled in the Section 5 unit; one African-American (internal candidate

promoted to GS-13) and one Asian (internal candidate from another DOJ office) were

selected to fill those positions.  In addition, three (3) CRT Analyst positions within the

Voting Section outside of the Section 5 unit were filled during that same time period, and

included one African-American (internal candidate promoted to GS-13) and two

Caucasians (internal candidates promoted to GS-12).  These vacancies were announced

through the regular competitive service process; Hyatte did not apply for any of the

vacancies filled by these employees.

117.    The allegations contained in this paragraph are the subject of a motion to dismiss and, as such, no answer is required; Hyatte failed to exhaust the administrative remedies and process available to her regarding these allegations.  To the extent an answer is required, in July and August 2007, the Voting Section posted two vacancy announcements for Civil Rights Analyst positions (one at GS-12, and the other at GS-7/9/11).

118.    The allegations contained in this paragraph are the subject of a motion to dismiss and, as such, no answer is required; Hyatte failed to exhaust the administrative remedies and process available to her regarding these allegations.  To the extent an answer is required, these positions were open to both status (current federal employees) and non-status (outside) applicants.

119.    The allegations contained in this paragraph are the subject of a motion to dismiss and, as such, no answer is required; Hyatte failed to exhaust the administrative remedies and process available to her regarding these allegations.  To the extent an answer is required, Defendant admits that Hyatte applied in response to both vacancy announcements for the GS-12 and GS-11 positions; she did not apply to be considered at a GS-7 or 9 level.

120.    The allegations contained in this paragraph are the subject of a motion to dismiss and, as such, no answer is required; Hyatte failed to exhaust the administrative remedies and process available to her regarding these allegations.  To the extent an answer is required, based on the application materials submitted by Hyatte, human resources determined that Hyatte did not meet the minimum qualifications for the GS-12 position, but did meet the minimum qualifications for the GS-11 position.  Her name was included on the list of qualified applicants forwarded to the Voting Section for review for the GS-11 position only.

121.    The allegations contained in this paragraph are the subject of a motion to dismiss and, as such, no answer is required; Hyatte failed to exhaust the administrative remedies and process available to her regarding these allegations.  To the extent an answer is required, the positions at issue were advertised to both "status" and "non-status" candidates, and the selecting officials were not required to select status candidates over non-status candidates who were considered better qualified.

122.    The allegations contained in this paragraph are the subject of a motion to dismiss and, as such, no answer is required; Hyatte failed to exhaust the administrative remedies and process available to her regarding these allegations.  To the extent an answer is required, the positions at issue were not restricted to "status" candidates.

123.    The allegations contained in this paragraph are the subject of a motion to dismiss and, as such, no answer is required; Hyatte failed to exhaust the administrative remedies and process available to her regarding these allegations.   To the extent an answer is required, Defendant denies the allegations contained in this paragraph.  Hyatte was the only "status" candidate referred for consideration, and, as such hers was the only name on the list of "status" candidates.  Hyatte was not, however, the highest ranked candidate; all of the candidates selected ranked higher than Hyatte.

124.    The allegations contained in this paragraph are the subject of a motion to dismiss and, as such, no answer is required; Hyatte failed to exhaust the administrative remedies and process available to her regarding these allegations.  To the extent an answer is required, human resources determined, based on the application submitted by Hyatte, that Hyatte met the minimum qualifications for the GS-11 position and Hyatte was interviewed.

125.   The allegations contained in this paragraph are the subject of a motion to dismiss and, as such, no answer is required; Hyatte failed to exhaust the administrative remedies and process available to her regarding these allegations.  To the extent an answer is required, Hyatte was interviewed by a panel of four (4) Voting Section managers, including Rivera.

126.   The allegations contained in this paragraph are the subject of a motion to dismiss and, as such, no answer is required; Hyatte failed to exhaust the administrative remedies and process available to her regarding these allegations.  To the extent an answer is required, Defendant denies the allegations contained in this paragraph.  All candidates interviewed were asked the same set of written questions.

127.   The allegations contained in this paragraph are the subject of a motion to dismiss and, as such, no answer is required; Hyatte failed to exhaust the administrative remedies and process available to her regarding these allegations.  To the extent an answer is required, Hyatte was the only "status" candidate referred for further consideration; she was not selected.  The remainder of this paragraph is denied.

128.   The allegations contained in this paragraph are the subject of a motion to dismiss and, as such, no answer is required; Hyatte failed to exhaust the administrative remedies and process available to her regarding these allegations.  To the extent an answer is required, Defendant admits that other qualified candidates were interviewed.

129.   The allegations contained in this paragraph are the subject of a motion to dismiss and, as such, no answer is required; Hyatte failed to exhaust the administrative remedies and process available to her regarding these allegations.  To the extent an answer is required, Defendant admits that a total of seven (7) Civil Rights Analysts were selected in response

to the two vacancy announcements issued in July and August of 2007.  In response to the GS-12 announcement, three (3) analysts were selected – one Hispanic, one Caucasian and one African-American; all three were internal candidates promoted from within the Voting Section.  In response to the GS-7/9/11 announcement, four (4) analysts were selected – two African-Americans (one GS-9 and one GS-11), one Caucasian (GS-11) and one Asian (GS-11); all were non-status candidates, and all were ranked higher than Hyatte.

130.   The allegations contained in this paragraph are the subject of a motion to dismiss and, as such, no answer is required; Hyatte failed to exhaust the administrative remedies and process available to her regarding these allegations.  To the extent an answer is required, Defendant denies the allegations contained in this paragraph.  The positions at issue were not restricted to "status" candidates; and the Voting Section was not required to select a status candidate over better qualified non-status candidates.

131.   Defendant admits that by letter dated June 14, 2007, DOJ's EEO Office notified Hyatte that the failure to promote and hostile environment allegations raised in her April 30, 2007 Complaint of Discrimination were accepted for investigation, and that her allegations of retaliation were dismissed for failure to state a claim.  Defendant further admits that 180 days have elapsed since Hyatte filed her April 30, 2007 Complaint of Discrimination and DOJ's Complaint Adjudication Office has not issued a final agency decision.

<u>Ms. Hyatte's Injuries</u>

132.   Defendant denies the allegations contained in this paragraph.

133.   This paragraph contains conclusions of law to which an answer is not required; to the extent an answer is deemed required, Defendant denies these allegations.

134.   This paragraph contains conclusions of law to which an answer is not required; to the extent an answer is deemed required, Defendant denies these allegations.

135.   This paragraph contains conclusions of law to which an answer is not required.  The remainder of this paragraph is denied.

136.   This paragraph contains conclusions of law to which an answer is not required; to the extent an answer is deemed required, Defendant denies these allegations.  Defendant lacks sufficient information and belief to admit or deny the allegations contained in this paragraph regarding Hyatte's medical conditions.

## FIRST CAUSE OF ACTION

137.   This paragraph contains conclusions of law to which an answer is not required.

138.   This paragraph contains Hyatte's characterization or opinion of herself and conclusions of law to which answers are not required.  To the extent the allegations regarding failure to promote in this paragraph relate to the positions set forth in paragraphs 117-130 of this complaint, those allegations are the subject of a motion to dismiss and, as such, no answer is required; Hyatte failed to exhaust the administrative remedies and process available to her regarding these allegations.  The remainder of this paragraph is denied.

139.   This paragraph contains conclusions of law to which an answer is not required; to the extent an answer is deemed required, Defendant denies.

## SECOND CAUSE OF ACTION

140.    This paragraph contains conclusions of law to which an answer is not required.

141.    This paragraph contains conclusions of law to which an answer is not required; to the

extent an answer is deemed required, Defendant denies those allegations.

## CLAIM FOR RELIEF

The remainder of this Complaint consists of Plaintiff's claim for relief which requires no

answer, but to the extent an answer is deemed required, Defendant denies that Plaintiff is entitled

to the relief sought or to any relief whatsoever.  Defendant further avers that any award of

compensatory damages for Plaintiff's claims would be subject to and limited by 42 U.S.C. §

1981a.

Defendant denies each and every allegation contained in the Complaint not specifically

admitted herein.

## DEFENSES

### First Defense

The Complaint fails to status a claim upon which relief can be granted.

### Second Defense

The Complaint contains allegations and/or claims on which Hyatte failed to timely

exhaust the administrative remedies available to her.

### Third Defense

The Complaint contains allegations that are barred by the applicable statute of limitations.

<u>Fourth Defense</u>

Hyatte cannot recover against the federal government punitive damages or other damages in excess of those allowable under Title VII, including 42 U.S.C. § 1981a.

<u>Fifth Defense</u>

Hyatte has failed to mitigate her damages, if any, as required by law.

The Defendant reserves the right to prepare and present additional and alternative defenses and to supplement or amend this Answer.

Date: July 28, 2008                    Respectfully Submitted,


/s/ JAT /mj
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ RC /mj
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/ Beverly M. Russell
_____
Of Counsel:                    BEVERLY M. RUSSELL, D.C. Bar #454257
Diana L. Embrey                Assistant United States Attorney
U.S. Dept. of Justice          U.S. Attorney's Office for the District
                                 of Columbia, Civil Division
                               555 4th Street, N.W., Rm. E-4915
                               Washington, D.C. 20530
                               Ph:  (202) 307-0492
                               Fax: (202) 514-8780
                               E-Mail: beverly.russell@usdoj.gov