UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOI D. HYATTE,

                Plaintiff,

v.

MICHAEL B. MUKASEY, IN HIS OFFICIAL
CAPACITY AS ATTORNEY GENERAL OF THE
UNITED STATES,

                Defendant.

Civil Action No: 08-00908 (HHK)

## DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure,

Defendant Michael B. Mukasey, Attorney General of the United States, respectfully moves this

Court for an Order partially dismissing the above captioned case with prejudice. As set forth in

the accompanying memorandum, Plaintiff Joi Hyatte's Complaint should be partially dismissed

for her failure to timely exhaust administrative remedies.

Pursuant to Local Rule 7, a memorandum of points and authorities supporting this motion

and a proposed order consistent with the relief requested herein are attached.

Date: July 28, 2008

Respectfully Submitted,


/s/ JAT /mj
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/ Beverly M. Russell
_____
Of Counsel:            BEVERLY M. RUSSELL, D.C. Bar #454257
Diana L. Embrey         Assistant United States Attorney
U.S. Dept. of Justice      U.S. Attorney's Office for the District
                of Columbia, Civil Division
                555 4th Street, N.W., Rm. E-4915
                Washington, D.C. 20530
                Ph:  (202) 307-0492
                Fax: (202) 514-8780
                E-Mail: beverly.russell@usdoj.gov

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOI D. HYATTE,<br><br>              Plaintiff,<br><br>       v.<br><br>MICHAEL B. MUKASEY, ATTORNEY<br>GENERAL OF THE UNITED STATES<br>DEPARTMENT OF JUSTICE,<br><br>              Defendant. | Civil Action No: 08-00908 (HHK) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**

Defendant Michael B. Mukasey, Attorney General of the United States ("DOJ" or "Defendant") respectfully submits this memorandum of points and authorities in support of his motion to dismiss part of the Complaint filed by Plaintiff Joi D. Hyatte ("Hyatte" or "Plaintiff"). In her Complaint, Hyatte asserts that she was not selected for multiple promotions due to her race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"). As set forth below, Hyatte failed to timely exhaust the administrative remedies available to her for most of the selection decisions identified in her Complaint. As a result, her claim for failure to promote should be limited to the selection decisions on which she timely exhausted the administrative remedies available to her; the remainder of the selection decisions raised in her Complaint should be dismissed with prejudice.

**STANDARD GOVERNING MOTION**

There exists some uncertainty within this District regarding whether a failure to exhaust administrative remedies is properly brought in a Rule 12(b)(1) motion, as a jurisdictional defect, or in a 12(b)(6) motion. Compare Mills v. Billington, Civ. A. No 04-2205 (HHK), 2006 WL

1371683, at *2 (D.D.C. May 16, 2006) ("It is well-settled that a plaintiff's failure to exhaust her administrative remedies will deprive a district court of subject matter jurisdiction[.]"); Williams v. Chertoff, Civ. A. No. 05-0211 (RCL), 2005 WL 3200794, at *1 (D.D.C. Nov. 1, 2005) (same); with Holmes v. PHI Serv. Co., 437 F. Supp. 2d 110, 118-23 (D.D.C. 2006) (Walton, J.) (failure to timely exhaust is not a jurisdictional defect); Walker v. Paulson, Civ. A. No. 06-1115 (PLF), 2007 WL 1655879, at * 2 (D.D.C. June 7, 2007) (same); see also Rann v. Chao, 346 F.3d 192, 195 (D.C. Cir. 2003) (recognizing that prior D.C. Circuit decisions have reached conflicting answers as to whether a failure to exhaust is jurisdictional, but declining to decide the matter); Mianegaz v. Hyatt Corp., 319 F. Supp. 2d 13, 17 (D.D.C. 2004) (Urbina, J.) (same); Marcelus v. Corr. Corp. of Am. / Corr. Treatment Facility, 540 F. Supp. 2d 231, n.4 (D.D.C. Mar. 31, 2008) (Leon, J.) (noting that "courts in this district continue to grapple with the appropriate standard for failure to exhaust," noting inconsistencies among courts in the D.C. Circuit). However, much like in Rann, the distinction for purposes of this Motion is academic as dismissal is appropriate under either Rule 12(b)(1) or Rule 12(b)(6). See also Smith v. Jackson, 539 F. Supp. 2d 116, 128 (D.D.C. Mar. 10, 2008) (Kollar-Kotelly, J.) ("the Court agrees that it relates to Plaintiff's exhaustion of his administrative remedies and thus to the Court's jurisdiction to entertain Plaintiff's [Title VII] claims," analyzing exhaustion under Rule 12(b)(1)); but see Hayes v. Chao, 541 F. Supp. 2d 387, n.3 (D.D.C. Apr. 2, 2008) (Kollar-Kotelly, J.) ("Exhaustion is not a jurisdictional prerequisite to plaintiff's [Title VII] claims[.]").

## ARGUMENT

In her Complaint, Hyatte alleges that she was not selected due to her race for multiple positions – some that were filled *before* she lodged her internal charge of discrimination and four

2

others that were filled *after* she lodged that charge.  Complaint at ¶¶ 1, 33-45, 117-131, 137-139.

Hyatte did not timely exhaust the administrative remedies available to her for (1) most of the

selection decisions made before she filed her charge, or (2) any of the selection decisions made

after she filed her charge.

I.      **Exhaustion Requirements for Title VII Claims by Federal Employees**

Title VII requires federal employees to raise claims of employment discrimination with

their employing agency before bringing suit in federal district court.  See 42 U.S.C. § 2000e-

16(c); 29 C.F.R. § 1614.101 et seq.  Specifically, a federal employee must notify an EEO

counselor within 45 days of an allegedly discriminatory action to initiate the internal

administrative process.  Stewart v. Ashcroft, 352 F.3d 422, 425 (D.C. Cir. 2003); 29 C.F.R.

§ 1614.105(a)(1).  In the event that the complaint is not resolved during the initial counseling

phase, the employee must promptly file a formal EEO complaint with the employing agency and

the agency then investigates the complaint.  29 C.F.R. § 1614.106.  Federal employees must

exhaust these administrative remedies as a precondition to filing suit in federal court under Title

VII.  Stewart, 352 F.3d at 425 (exhaustion requirements are "akin to a statute of limitations");

Vickers v. Powell, 493 F.3d 186, 198 (D.C. Cir. 2007) ("[F]ederal regulations bar discrimination

claims that an employee does not first bring to the attention of an agency's EEO counselor within

forty-five days of the alleged conduct."); Hooker-Robinson v. Rice, 2006 WL 2130652, at *3

(D.D.C. July 28, 2006) (citing Brown v. Gen. Serv. Admin., 425 U.S. 820, 832 (1976)).

II.     **Plaintiff Failed to Timely Exhaust Her Administrative Remedies with Respect to
        Any Selection Decisions Made *Before* the 45-Day Charge Filing Period**

In her Complaint, Hyatte alleges that "between July 24, 2006 and March 20, 2007," five

(5) Paralegal Specialist positions were filled through a "special hiring authority" rather than the

regular competitive service hiring process.  Complaint at ¶¶ 33-45.  Hyatte alleges that she was "repeatedly denied the opportunity to apply and compete for" these positions because of her race.  Complaint at ¶¶ 1, 33-45.  Hyatte further alleges that "three Caucasians and two Latinos were hired" to fill these Paralegal Specialist positions, and that she became aware of these vacancies only "after each newly hired analyst began working" in the Voting Section.  Complaint at ¶¶ 36-38.  Hyatte alleges that one of the newly hired Paralegal Specialists began working in the Voting Section on February 6, 2007 and that Hyatte initiated the internal administrative process on February 12, 2007, asserting that "she was denied the opportunity to compete for a promotion."  Complaint at ¶¶ 38, 114.  Hyatte filed a formal charge of discrimination with DOJ on April 30, 2007, alleging in pertinent part that the "hiring process . . . is biased" and has resulted in her inability to "successfully compete" for positions.  Complaint at ¶ 115; see also Exhibit A:  April 30, 2007 Charge of Discrimination.[1]  In her internal charge of discrimination, Hyatte indicated that another Caucasian analyst began working on March 20, 2007.  See Exhibit A.  Hyatte does not identify in her Complaint or in her internal charge the dates on which the other three allegedly discriminatory selection decisions were made or when the other three employees she claims were improperly hired began employment with the Voting Section.

Discrete acts of discrimination, including promotion and selection decisions, that occurred outside the statutory charge filing period (i.e., more than 45 days before the initiation of the internal administrative process) are not actionable.  Nat'l R.R. Passenger Corp. v. Morgan,

---

[1]  Consideration of a Title VII plaintiff's charge of discrimination or other documents referenced by plaintiff in her complaint will not convert a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) to one for summary judgment.  Marcelus, 540 F.Supp.2d at 235 n.5; Amer. Historical Assoc. v. Nat'l Archives and Records Admin., 516 F.Supp.2d 90, 102 (D.D.C. 2007).

536 U.S. 101, 113-15 (2002) ("Discrete acts such as . . . failure to promote . . . are easy to

identify.  Each incident of discrimination . . . constitutes a separate actionable 'unlawful

employment practice.'"); Mayers v. Laborers' Health and Safety Fund, 478 F.3d 364, 368 (D.C.

Cir. 2007).  Such unexhausted selection decisions are not actionable even where, as here, the

plaintiff claims that they were continuing in nature or part of a series of discriminatory acts.

Morgan, 536 U.S. at 113-15; Coleman-Adebayo v. Leavitt, 326 F.Supp.2d 132, 137-138 (D.D.C.

2004) (Friedman, J.) ("Discrete acts," such as a failure to promote, are "individual acts that occur

at a fixed time" and, as such, a plaintiff challenging such action "must exhaust the administrative

process regardless of any relationship that may exist between those discrete claims and any

others."), amended on other grounds, 400 F.Supp.2d 257 (D.D.C. 2005); Brantley v.

Kempthorne, Civil Action No. 06-1137(ESH), 2008 WL 2073913, at *3 (D.D.C. May 13, 2008)

(Huvelle) (dismissing federal employee's failure to promote claims based on promotion decisions

made outside of the 45-day charge filing period despite employee's allegation that she had been

unlawfully denied promotions for years).

        In this case, even taking Hyatte's allegations in her Complaint and charge of

discrimination as true for purposes of this motion, Hyatte did not timely exhaust her

administrative remedies for any selection decisions made prior to December 30, 2006 – the start

of the 45-day charge filing period preceding her February 12, 2007 initiation of the internal

complaint process.  According to Hyatte's Complaint, these selection decisions were made as far

back as July 24, 2006, and she was aware that she was not selected for each position (at the

latest) when "each newly hired analyst began working" in the Voting Section.  Complaint at

¶¶ 36-38, 137-139.  Hyatte was required to timely challenge each of the allegedly discriminatory

selection decisions through the administrative process before proceeding to federal court; she

failed to do so and, as a result, any selection decisions made prior to December 30, 2006 should

be dismissed.  Morgan, 536 U.S. at 113-15; Stewart, 352 F.3d at 425-26 (affirming dismissal of

DOJ employee's failure to promote claim where employee failed to initiate internal

administrative process within 45 days of the selection decision); Mayers, 478 F.3d 364 (affirming

dismissal of employee's claims based on discrete acts of discrimination that occurred outside the

charge filing period); West v. Potter, 540 F.Supp.2d 91, 94-95 (D.D.C. 2008) (Kennedy, J.)

(dismissing federal employee's Title VII claims based on allegedly discriminatory acts that the

employee failed to raise with an EEO counselor within 45 days).

III.    **Plaintiff Failed to Timely Exhaust Her Administrative Remedies with Respect to the Four Selection Decisions Made _After_ Her Charge of Discrimination**

In her Complaint, Hyatte further alleges that she was not selected for four Civil Rights

Analyst positions.  Complaint at ¶¶ 117-130.  These positions were advertised through the

regular competitive service hiring process in August 2007; Hyatte applied for the positions and

was interviewed in November 2007.  Id.  According to the Complaint, these selection decisions

were made well _after_ Hyatte lodged her internal charge of discrimination in April 2007 and well

_after_ DOJ began its investigation in June 2007 into the allegations raised in that charge.

Complaint at ¶¶ 117, 130-131.  Hyatte did not amend her April 30, 2007 charge of discrimination

to include these subsequent selection decisions, and they were not investigated during the

administrative process.  Similarly, Hyatte did not initiate a new charge of discrimination at any

point during the 45-day period (or at any point thereafter) following her non-selection for these

positions.

Under such circumstances, Hyatte has failed to timely exhaust her administrative remedies with respect to these selection decisions. Regardless of Hyatte's efforts to couch these selection decisions as part of ongoing discrimination that began in mid-2007 and "continued thereafter," Complaint at ¶¶ 137-139, the Supreme Court made clear in <u>Morgan</u> that hiring and promotion decisions are discrete acts of discrimination and that an aggrieved employee must exhaust the available administrative remedies before proceeding to federal court. <u>Morgan</u>, 536 U.S. at 113-15. This principle applies with equal force to discrete acts of discrimination occurring after the charge filing period: <u>Morgan</u> also "bar[s] discrete acts occurring after the [charge filing] period, after the filing of an administrative complaint, when a plaintiff does not file a new complaint or amend the old complaint but instead presents these acts for the first time in federal court." <u>Romero-Ostolaza v. Ridge</u>, 370 F.Supp.2d 139, 148-150 (D.D.C. 2005) (Lamberth, J.); <u>see also</u> <u>Martinez v. Potter</u>, 347 F.3d 1208, 1210-11 (10th Cir. 2003) ("unexhausted claims involving discrete employment actions" that occurred after the employee filed an EEO complaint are no longer viable after <u>Morgan</u>); <u>Coleman-Adebayo</u>, 326 F.Supp.2d at 138 (same).

Hyatte had the opportunity to either attempt to amend her charge of discrimination to include these selection decisions, or to initiate a new charge within 45 days of these selection decisions; she failed to do either (and it is too late for her to do so now). Instead, she raised these selection decisions for the first time in federal court. Under <u>Morgan</u>, Hyatte cannot evade the required administrative process by casting these unexhausted selection decisions as part of a "continuing" failure to promote and tacking them onto her earlier charge. <u>Martinez</u>, 347 F.3d at 1211 (affirming dismissal of federal employee's Title VII claims based on discrete employment

7

actions that occurred after the employee filed an EEO complaint); <u>Romero-Ostolaza</u>, 370

F.Supp.2d at 148-50 (same); <u>Coleman-Adebayo</u>, 326 F.Supp.2d at 138 (same). Accordingly,

Hyatte's claims that she was discriminated against when she was not selected for these Civil

Rights Analyst positions should be dismissed.

<u>**CONCLUSION**</u>

For the reasons set forth above, Hyatte's failure to promote claim should be limited to the

selections decision (or decisions) for which she timely exhausted the administrative remedies

available to her. Her allegations regarding selection decisions made prior to December 30, 2006

(the start of the 45-day period preceding Hyatte's initiation of the administrative process) or after

the filing of her April 30, 2007 charge of discrimination should be dismissed with prejudice. A

proposed Order is attached.

Date: July 28, 2008

Respectfully Submitted,

/s/ JAT /mj
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ Beverly M. Russell
_____

| | |
|---|---|
| Of Counsel: | BEVERLY M. RUSSELL, D.C. Bar #454257 |
| Diana L. Embrey | Assistant United States Attorney |
| U.S. Dept. of Justice | U.S. Attorney's Office for the District |
| |  of Columbia, Civil Division |
| | 555 4th Street, N.W., Rm. E-4915 |
| | Washington, D.C. 20530 |
| | Ph:  (202) 307-0492 |
| | Fax: (202) 514-8780 |
| | E-Mail: beverly.russell@usdoj.gov |

9

U.S. Department of Justice

**Complaint of Discrimination**
*(See instructions on reverse)* OBD - 2007 - 00195

PRIVACY ACT STATEMENT: 1. AUTHORITY- The authority to collect this information is derived from 42 U.S.C. Section 2000e-16; 29 CFR Sections 1614.106 and 1614.108. 2. PURPOSE AND USE-This information will be used to document the issues and allegations of a complaint of discrimination based on race, color, sex (including sexual harassment), religion, national origin, age, disability (physical or mental), sexual orientation or reprisal.

The signed statement will serve as the record necessary to initiate an investigation and will become part of the complaint file during the investigation; hearing, if any; adjudication; and appeal, if one, to the Equal Employment Opportunity Commission. 3. EFFECTS OF NON-DISCLOSURE-Submission of this information is MANDATORY. Failure to furnish this information will result in the complaint being returned without action.

| | |
|---|---|
| 1. Complainant's Full Name  Joi Danitra Hyatte | 2. Your Telephone Number *(including area code)* |
| Street Address, RD Number, or Post Office Box Number  7213 Walker Mill Road | Home  **REDACTED** |
| City, State and Zip Code  Capitol Heights, Maryland 20743 | Work |

| | |
|---|---|
| 3. Which Department of Justice Office Do You Believe Discriminated Against You?  Voting Section  (Civil Rights Division) | 4. Current Work Address  1800 G Street NW, Room 7195  Washington, DC 20006 |
| | A. Name of Agency Where You Work  US Dept. of Justice Civil Rights Division |
| B. Street Address of Office  Same as # 4 | B. Street Address of Your Agency  950 Pennsylvania Ave. NW |
| C. City, State and Zip Code  Same as # 4 | C. City, State and Zip Code  Washington, D.C. 20530 |
| | D. Title and Grade of Your Job  Equal Opportunity Assistant GS 9 |

| 5. Date on Which Most Recent Alleged Discrimination Took Place | 6. Check Below Why You Believe You Were Discriminated Against? | |
|---|---|---|
| Month  Day  Year  3  20  07 | ☑ Race or Color *(Give Race or Color)* African-American  ☐ Religion *(Give Religion)*  ☐ Sex *(Give Sex)* ☐ Male ☐ Female  ☐ Sexual Harassment  ☐ Age *(Give age)*  ☐ National Origin *(Give National Origin)*  ☐ Disability ☐ Physical ☐ Mental | ☐ Sexual Orientation  ☑ Reprisal  ☐ Parental Status  ☐ Class Complaint |

7. Explain How You Believe You Were Discriminated Against *(treated differently from other employees or applicants)* Because of Your Race, Color, Sex (including sexual harassment), Religion, National Origin, Age, Disability (physical or mental), Sexual Orientation, Parental Status, or Reprisal. Do not include specific issues or incidents that you have not discussed with your EEO Counselor. *(You may continue your answer on another sheet of paper if you need more space.)*

See attachment

8. What Corrective Action Do You Want Taken on Your Complaint?

See attachment

| 9. A) I have discussed my complaint with an Equal Employment Opportunity Counselor and/or other EEO Official. | B) Name of Counselor |
|---|---|
| DATE OF FIRST CONTACT WITH EEO OFFICE:  2 12 07 | DATE OF RECEIPT OF NOTICE OF FINAL INTERVIEW WITH EEO COUNSELOR:  4 24 07 | Donna  Gray-Flowers  ☐ I Have Not Contacted an EEO Counselor |

| 10. Date of This Complaint:  Month Day Year  4 30 07 | 11. Sign Your Name Here:  Joi Danitra Hyatte |
|---|---|

FORM DOJ 201A

Attachment (revised)

**7. Explain How You Believe You Were Discriminated Against (treated differently from other employees or applicants)  Because of your Race, Color, Sex (including sexual harassment), Religion, National Origin, Age, Disability (physical or mental), Sexual Orientation, Parental Status, or Reprisal.  Do not include specific issues or incidents that your have not discussed with your EEO Counselor.**

1.  I believe that the current hiring process in the Voting Section is biased and has resulted in my failure to successfully compete for Civil Rights Analyst or Paralegal Specialist positions and for promotions in this Section, to which I am highly qualified, as recent as 3/20/07[1].  In addition, I believe that my inability to obtain promotions is the direct and intentional result of race discrimination on the part of Voting Section Managers.

2.  I believe that I have been and continue to be subjected to a hostile work environment making it difficult to continue performing in an outstanding manner.  This hostile work environment was created and is perpetuated by my current managers in the Voting Section, in an effort to either demean my credibility as an outstanding performer or to encourage me to seek employment elsewhere.  As an example of their reprisal tactics, I am required to perform the duties normally assigned to a grade GS14, notwithstanding the fact that I am only a grade GS9.

3.  I believe I am subjected to reprisals for having challenged my performance appraisals and for filing grievances.  As noted in my informal complaint, I have received harassing and threatening emails, as well as, verbal harassment and threats, from the Acting Deputy Chief and the Section Chief.  In addition, the Acting Deputy Chief has insulted me publicly at meetings and made defamatory comments about me to others.

**8. What Corrective Action Do You Want Taken on Your Complaint?**

I request appointment to a Civil Rights Analyst position (Grade GS-11)in the Voting Section, based on my qualifications and my proven ability to fulfill the requirements of this position.  This includes my request for retroactive or back pay for this position at the GS-11 grade, from the time a lesser qualified applicant was hired.  Lastly, I would like to be reimbursed by the Agency, for any court related fees and attorney fees, attendant,  I have incurred as a result of filing this EEO Complaint.

---

[1] This is the date the newest Civil Rights Analyst (White) began working in Section 5 of the Voting Section.



Attachment

**7.  Explain How You Believe You Were Discriminated Against (treated differently from other employees or applicants)  Because of your Race, Color, Sex (including sexual harassment), Religion, National Origin, Age, Disability (physical or mental), Sexual Orientation, Parental Status, or Reprisal.  Do not include specific issues or incidents that your have not discussed with your EEO Counselor.**

1.  I believe that the current hiring process in the Voting Section is biased and has resulted in my failure to successfully compete for Civil Rights Analyst or Paralegal Specialist positions and for promotions in this Section, to which I am highly qualified.  In addition, I believe that my inability to obtain promotions is the direct and intentional result of race discrimination on the part of Voting Section Managers.

2. I believe that I have been and continue to be subjected to a hostile work environment making it difficult to continue performing in an outstanding manner.  This hostile work environment was created and is perpetuated by my current managers in the Voting Section, in an effort to either demean my credibility as an outstanding performer or to encourage me to seek employment elsewhere.  As an example of their reprisal tactics, I am required to perform the duties normally assigned to a grade GS14, notwithstanding the fact that I am only a grade GS9.

3.  I believe I am subjected to reprisals for having challenged my performance appraisals and for filing grievances.  As noted in my informal complaint, I have received harassing and threatening verbally and by email, from the Acting Deputy Chief and the Section Chief.  In addition, the Acting Deputy Chief has insulted me publicly at meetings and made defamatory comments about me to others.

**8.  What Corrective Action Do You Want Taken on Your Complaint?**

I request appointment to a Civil Rights Analyst position (Grade GS-11)in the Voting Section, based on my qualifications and my proven ability to fulfill the requirements of this position.  This includes my request for retroactive or back pay for this position at the GS-11 grade, from the time a lesser qualified applicant was hired.  Lastly, I would like to be reimbursed by the Agency, for any court related fees and attorney fees, attendant,  I have incurred as a result of filing this EEO Complaint.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOI D. HYATTE,

                    Plaintiff,

v.                                                            Civil Action No: 08-00908 (HHK)

MICHAEL B. MUKASEY, IN HIS OFFICIAL
CAPACITY AS ATTORNEY GENERAL OF THE
UNITED STATES,

                    Defendant.

**ORDER**

     Upon consideration of the motion of Defendant Michael B. Mukasey, Attorney General,

Department of Justice to partially dismiss the above-captioned case, and the opposition, if any,

thereto, it is this __ day of _____, 2008,

     ORDERED, that the partial motion to dismiss is GRANTED, and Plaintiff's failure to

promote claim is limited to the selections decision (or decisions) for which she timely exhausted

the administrative remedies available to her.  Her allegations regarding selection decisions made

prior to December 30, 2006 (the start of the 45 day period preceding Hyatte's initiation of the

administrative process) or after the filing of her April 30, 2007 charge of discrimination are

hereby DISMISSED with prejudice.

_____
Judge Henry H. Kennedy

cc.
Kathryn A. Sabbeth
Institute of Public Representation
Georgetown Law Center
600 New Jersey Avenue, N.W., Suite 312
Washington, D.C.  20001

Beverly M. Russell
U.S. Attorney's Office for the District of Columbia
555 Fourth Street, N.W.
Washington, D.C.  20530